**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION**

IN RE

CARLA MATTHEWS BALDWIN                                            CASE NO. 19-50678

DEBTOR

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING
IN PART THE DEBTOR'S REQUEST TO RELEASE FUNDS**

The Debtor filed one motion three times seeking the following relief: a Motion for Order Directing the Creditor PBK Bank to Release Funds of Debtor and to Show Cause Why it Should Not Be Held in Violation of the Court's Automatic Stay Order [ECF No. 18]; a Motion to Deny Claim No. 3-1, Filed in Error as a Secured Claim by PBK Bank [ECF No. 21]; and a Motion for Award of Damages, Attorney Fees and Costs [ECF No. 20].

The request to release funds seeks the following: "[T]he Debtor moves the Court to direct the release of all funds held by PBK Bank to her, to direct that any funds disbursed in the *McGirr* litigation by the Court's escrow agent or by Debtor's Counsel in that matter be disbursed to her, only … ." [ECF No. 18 at 7.] The funds held by PBK Bank are two checks issued by the Debtor's bank pursuant to a non-wage garnishment served more than 90 days before the petition date. The *McGirr* litigation funds are settlement proceeds held by counsel for the Debtor that are subject to a non-wage garnishment sent on the same day as the bank garnishment.

The garnished funds and settlement proceeds were property of the Debtor's estate on the petition date, so PBK Bank violated the automatic stay when it refused to deliver, or allow delivery, to the Debtor's estate. That is where this opinion stops. Any other issues are not adequately set up for decision.

## I. BACKGROUND.

The facts are not in dispute and stipulations are filed. [ECF No. 48[1].] PBK Bank filed a foreclosure action against the Debtor in the Madison County, Kentucky, Circuit Court in 2015. [ECF No. 18 at 2, 38.] The foreclosure sale resulted in a deficiency judgment of approximately $150,000.00. [Proof of Claim No. 3-1.]

On October 3, 2018, a settlement was approved in a federal lawsuit involving multiple plaintiffs, including the Debtor, styled *McGirr v. Rehme,* Civil Action No. 1:16-cv-464 (S.D. Ohio). [ECF No. 18 at 43.] PBK Bank believed the Debtor received a share of the settlement proceeds from her attorney, Angela Ford, on October 19, 2018, and that the Debtor deposited the funds in an account at Whitaker Bank. [ECF No. 51 at 2.]

On December 5, 2018, PBK Bank served an order of non-wage garnishment on Whitaker Bank to obtain any funds in the deposit account for application against the deficiency judgment. [ECF No. 48 ¶ 4.] The stipulations indicate the garnishment order was properly served and the Debtor timely filed an objection with the Madison Circuit Court. [*Id.* ¶¶ 4, 6.] The Madison County Circuit Court had not ruled when the matter was stayed by the bankruptcy filing. [*Id.* ¶ 13.]

Also on December 5, PBK Bank served an order of non-wage garnishment on Ford seeking any settlement proceeds due to the Debtor in her possession. [*Id.* ¶ 5.] The stipulations again confirm the garnishment order was properly served, the Debtor timely filed an objection with the Madison Circuit Court, and the court did not rule on the objection. [*Id.* ¶¶ 5, 7, 13.]

Whitaker Bank complied with the garnishment order by delivering two checks totaling approximately $26,000.00 to counsel for PBK Bank on December 24, 2018. [*Id.* ¶ 11; ECF No.

---

[1] The parties filed three identical copies of the stipulations. [ECF Nos. 42, 46, 48.] This Order only references the last paper filed.

43 at 19.]   Counsel for PBK Bank still holds the checks.   [ECF No. 48 ¶ 11.]   Ford did not formally answer the garnishment order.   But the parties explained at a hearing on June 6, 2019, that Ford is holding settlement proceeds until the Debtor's objection to the garnishment is determined.

The Debtor made a demand on PBK Bank for the garnished funds, which was refused. The Debtor now seeks the funds and damages based on a violation of the automatic stay.   [ECF No. 20 at 7.]   The Debtor's objection to Proof of Claim No. 3-1 filed by PBK Bank was overruled for procedural reasons.   [ECF No. 29.]

After the June 6 hearing, PBK Bank and the Debtor filed additional papers to support their positions [ECF Nos. 33, 43, and 51] and the matter was submitted for a decision.

## II.   ANALYSIS.

### A.   Jurisdiction and Venue are Proper.

Jurisdiction is proper pursuant to 28 U.S.C. § 1334(b) and venue is proper pursuant to 28 U.S.C. § 1409(a).   This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (E).

### B.   PBK Bank Violated the Automatic Stay.

#### 1.   The Automatic Stay Prohibits Retention or Control of Property of the Estate.

The Debtor alleges retention of the garnished funds, or collection of any settlement proceeds from Ford, is a violation of the automatic stay.   11 U.S.C. § 362(a).   The stay is referred to as "automatic" because it arises by operation of law when the petition is filed.   *Id.* The stay prevents:

> (1) the commencement or continuation, … of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title … ;
> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

3

> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
>
> …
>
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

11 U.S.C. § 362(a)(1)-(3), (6).

PBK Bank violated the stay because it retained and controlled property of the estate. Also, its actions involved an attempt to continue and collect on the prepetition litigation and judgment.

### 2. The Garnished Funds Held by PBK Bank's Counsel Are Property of the Estate Subject to the Automatic Stay.

Section 1306(a) provides that "property of the estate" includes all property specified in § 541.  11 U.S.C. § 1306(a).  Under § 541, the Debtor's estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case."  11 U.S.C. § 541(a)(1); *see also Borock v. Mathis (In re Clipper Int'l Corp.),* 154 F.3d 565, 567 (6th Cir. 1998) (the Code broadly defines property of the estate).

Whether property is included in the estate is a federal question, but state law generally determines a debtor's interest in the property.  *Butner v. United States*, 440 U.S. 48, 55 (1979). A judgment creditor in Kentucky may serve an order of garnishment on any party that might hold property of the judgment debtor.  KY. REV. STAT. § 425.501(1).  The judgment debtor has the right to object to garnishment by claiming an exemption.  KY. REV. STAT. § 425.501(4). Exempt funds are paid to the judgment debtor and non-exempt funds go to the judgment creditor for application to the judgment.  KY. REV. STAT. § 425.501(5).

Thus, service of the order of garnishment in Kentucky only initiates the procedure by which a creditor can apply non-exempt property to pay a judgment.  *In re Harville,* 63 B.R. 371, 372 (Bankr. W.D. Ky 1986).  The procedure is not complete until the state court rules on the

4

claimed exemptions. The Madison Circuit Court has not ruled, so the Debtor still has an interest in the garnished funds that became property of the estate on the petition date.

This decision is consistent with established law. "In many instances, a debtor retains an interest in property for bankruptcy purposes notwithstanding levy or seizure by a creditor prior to the filing. This is the lesson of *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983)." *In re Richardson,* 52 B.R. 237, 238 (Bankr. M.D. Tenn. 1985) (applying Kentucky law).

*Richardson* involved a Kentucky non-wage garnishment that was incomplete because the court clerk had not delivered the garnished funds to the creditor before the judgment debtor filed a bankruptcy petition. *Id.* at 240. Failure to pay the funds to the creditor or its attorney was sufficient to find an interest in property that the debtor could exempt. *Id.*; *cf. In re Williams,* 460 B.R. 915, 918-19 (Bankr. N.D. Ga. 2011) (applying Georgia law and holding that a debtor retained an interest in her garnished wages because the time had not passed for her to object).

The court in *Richardson* indicated it would have found the debtor's interest terminated if the garnished funds were paid to creditor's attorney, *Richardson*, 52 B.R. at 240, but that result will not apply in every case. The form order of garnishment directs payment to the creditor's attorney, probably to prevent immediate application in the event of an objection. [*See* ECF No. 33 at 6.] Even before the bankruptcy case was filed, the bank's legal counsel would not cash the checks from the garnishee pending a ruling by the state court. Counsel still holds the checks, so it is clear the procedure for applying the garnished funds to the judgment is not complete.

A Kentucky judgment debtor retains an interest in the garnished funds until all acts necessary to gain sole control of the property are complete. The facts confirm this had not occurred by the petition date, so the Debtor had an interest in the garnished funds. Therefore,

PBK Bank's retention of control over the garnished funds is a violation of the automatic stay. 11 U.S.C. § 362(a)(3).

### 3. PBK Bank Had An Obligation to Turn Over the Garnished Funds to the Debtor's Estate.

A creditor is required to return any property of the estate that it possesses when the petition is filed. Sections 541, 542, and 362 together "shelter the debtor's estate from action by creditors, enabling the debtor to get the relief and fresh start that are among the goals of the bankruptcy regime." *In re Weber*, 719 F.3d 72, 76 (2d Cir. 2013). This analysis is applied by a majority of courts to require immediate return of repossessed automobiles when the debtor retains some state law right in the vehicle (*e.g.*, a right of redemption). *Id.* at 81; *In re Fulton*, 926 F.3d 916, 924 (7th Cir. 2019); *TranSouth Fin. Corp. v. Sharon (In re Sharon)*, 234 B.R. 676, 686 (B.A.P. 6th Cir. 1999). *But see In re Cowen*, 849 F.3d 943, 949-950 (10th Cir. 2017) (passive retention does not violate the automatic stay).

In *Fulton*, the Seventh Circuit reaffirmed its decision in *Thompson v. Gen. Motors Acceptance Corp., LLC*, 566 F.3d 699, 703 (7th Cir. 2009). The Seventh Circuit recognized that the creditor may protect any interest in the property by seeking adequate protection pursuant to § 363(e). *Id.* at 924; *see also Whiting Pools*, 462 U.S. at 204 (a secured creditor must look to § 363(e) for protection, "rather than to the nonbankruptcy remedy of possession."). This conclusion is also consistent with the decision by the Sixth Circuit B.A.P. in *Sharon*: "[T]he Bankruptcy Code does not elevate [the creditor's] adequate protection right above the Chapter 13 debtor's right to possession and use of a car." 234 B.R. at 684.

The analysis for garnishments follows the same path. The judgment debtor retains an interest in the garnished property until the state court rules on any claim of exemptions. Until the decision is rendered, the judgment debtor retains an interest in the property. The interest in

6

property is then transferred to the debtor's estate when the bankruptcy petition is filed. The United States Bankruptcy Court for the Eastern District of Michigan just reached the same conclusion under Michigan law. *In re Newberry*, Case No. 19-30726-jda, slip op. at 6 (Bankr. E.D. Mich. Aug. 9, 2019).

Passive retention is no defense. The burden of requesting adequate protection is on the creditor. 11 U.S.C. § 363(e). Therefore, forcing the creditor to offer adequate protection in exchange for return of estate property improperly shifts the burden of proof from the creditor to the debtor. *Sharon*, 234 B.R. at 234; *see also Fulton*, 926 F.3d at 924 (the burden is meaningless if the creditor retains possession of property of the estate).

### 4. PBK Bank's Continuing Claim to the Settlement Proceeds Based on the Order of Garnishment Is a Violation of the Automatic Stay.

PBK Bank continues to assert the validity of its lien against any settlement proceeds held by Ford. Like the funds garnished from the Debtor's bank account, the settlement proceeds remain property of the estate. These funds were not even transferred to counsel for PBK Bank, strengthening the Debtor's claim to an interest therein.

Ford cannot release the funds to the chapter 13 estate with the looming threat of garnishment. This "prohibit[s] a debtor's beneficial use of an asset" and evidences an act of control for the purposes of § 362(a)(3). *Fulton,* 926 F.3d at 923. The automatic stay also imposes a duty on creditors to stop collection proceedings. 11 U.S.C. § 362(a)(1) (continuation of a prepetition proceeding), (2) (enforcement of a prepetition judgment); *see also* 11 U.S.C. § 362(a) (6) (an attempt to collect on a prepetition claim); *Wohleber v. Skurko (In re Wohleber)*, 596 B.R. 554, 572 (B.A.P. 6th Cir. 2019) (it is incumbent on the creditor to take affirmative steps to stop or reverse state court actions in violation of the stay).

7

Therefore, PBK Bank again violated the automatic stay related to its actions affecting the settlement proceeds.

### C. The Debtor Has Not Provided Evidence of Damages or Established an Immediate Right to the Garnished Funds and Settlement Proceeds.

The Debtor asks for damages based on the violation of the automatic stay. 11 U.S.C. § 362(k). The Debtor has not yet presented evidence to decide damages, so a decision is tabled until all issues are resolved.

The Debtor also seeks to recover the garnished property for her own benefit. [ECF No. 1, Sch. C (exemptions).] But the basis for this result is not fully developed. The Debtor must establish her right to the funds through motion or other action in this case.

PBK Bank suggested the validity, priority, or extent of the lien is a matter for consideration. [ECF No. 51 at 2.] But that issue is also not clearly set up for decision. The objection to Proof of Claim No. 3-1 was overruled and the parties must decide if the matter should occur through motion practice or a separate proceeding. *See* FED. R. BANKR. P. 7001(2).

Therefore, the Debtor will have an opportunity to supplement her request, and PBK Bank will have an opportunity to respond. The parties will appear at a status conference to discuss open issues and a timeline for subsequent briefing and other action required.

### III. CONCLUSION.

The garnished funds and settlement proceeds are property of the estate. PBK Bank's continued possession of the garnished funds and failure to allow Ford to deliver funds to the Debtor's estate violate the automatic stay. A decision on damages and the Debtor's right to the garnished funds and settlement proceeds will require additional work from the parties.

Therefore, it is ORDERED that the Debtor's motion at ECF No. 18 is GRANTED IN PART.

It is further ORDERED:

1. Counsel for PBK Bank shall continue to hold the garnished funds pending further orders. Counsel for PBK Bank may negotiate the checks and hold the funds in his attorney escrow account if the checks are at risk of becoming out of date.

2. Counsel for PBK Bank shall notify Angela Ford that she is to deliver any settlement proceeds due to the Debtor that she held on December 5, 2018, directly to counsel for PBK Bank to hold with the garnished funds pending further orders.

3. The parties shall appear at a status conference and **be prepared** to discuss and determine the remaining issues and form of presentation **on Thursday, September 5, 2019, at 9:00 a.m. at the U.S. Bankruptcy Court, Community Trust Building, Second Floor Courtroom, 100 East Vine Street, Lexington, Kentucky.**

4. The Debtor's request for damages pursuant to § 362(k) [ECF No. 20] is reserved for action after all other matters are complete.

9

___

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Gregory R. Schaaf*
**Bankruptcy Judge**
**Dated: Monday, August 26, 2019**
**(grs)**